ELECTRONICALLY FILED
May 10 2018
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ZITO NCTNWVPANOH, LLC, ) CIVIL ACTION NO. 5:18-cv-85

Plaintiff, ) JUDGE Frederick P. Stamp, Jr.

vs. )

EUGENE R. FRENCH and HILDA G. FRENCH; )

Defendants. )

**COMPLAINT**

Plaintiff, Zito NCTNWVPANOH, LLC, by and through its attorneys, Tucker Arensberg, P.C. and Bowles Rice, LLP, hereby files the within Complaint, stating as follows:

**PARTIES**

1. Plaintiff, Zito NCTNWVPANOH, LLC ("Zito"), is a limited liability company, organized and existing under the laws of the State of Delaware, with a principal business address of 102 South Main Street, Coudersport, Pennsylvania 16915.

2. Defendant, Eugene R. French, is an adult individual, residing at 6108 Fork Ridge Road, Moundsville, Marshall County, West Virginia, 26041.

3. Defendant, Hilda G. French, is an adult individual, residing at 6108 Fork Ridge Road, Moundsville, Marshall County, West Virginia, 2604. (Eugene R. French and Hilda G. French shall be referred to as "Mr. and Mrs. French").

**JURISDICTION AND VENUE**

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331 since the matter in controversy arises under the Constitution, laws, or treaties of the United States of America.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391 since a substantial part of the events giving rise to the within claim occurred in this judicial district, and/or since all the Defendant resides within this judicial district.

## FACTUAL BACKGROUND

### *Zito Undertakes Broadband Expansion Project in Marshall County*

6. Zito is a provider of high speed broadband and internet, digital cable television, and digital voice communications services for both commercial and residential customers in the states of North Carolina, Tennessee, West Virginia, Pennsylvania, and Ohio.

7. On April 4, 2017, Zito was granted a renewed franchise by the County of Marshall, West Virginia ("County"), to continue maintaining, constructing, operating, and upgrading its cable system within the County.

8. A true and correct copy of the Cable Franchise Agreement between Zito and the County ("Franchise Agreement"), is attached hereto as Exhibit "A" and incorporated herein by reference.

9. In early 2009, Congress directed the Federal Communications Commission (FCC) to develop a National Broadband Plan to ensure every American has "access to broadband capability." Congress also required that this plan include a detailed strategy for achieving affordability and maximizing use of broadband to advance "consumer welfare, civic participation, public safety and homeland security, community development, health care delivery, energy independence and efficiency, education, employee training, private sector investment, entrepreneurial activity, job creation and economic growth, and other national

purposes." See Federal Communications Commission, "National Broadband Plan - Connecting America," http://www.broadband.gov/plan/executive-summary/

10. Consistent with this national goal to expand broadband service, and in accordance with the terms of the Franchise Agreement, Zito is presently in the process of undertaking a comprehensive upgrade of its existing network within Marshall County, West Virginia, and installing fiber optic cables which will result in much improved cable service for local communities, and support a high speed data and broadband services.

***The Wheeling Power Right-of-Way Across Mr. and Mrs. French's Property***

11. Mr. and Mrs. French are the owners of a parcel of property located within the County having a street address of 6108 Fork Ridge Road, Moundsville, Marshall County, West Virginia. The legal description for the property is "5.85 Fork Ridge & O & G" ("the French Property").

12. A true and correct copy of the deed for the French Property is attached hereto as Exhibit "B."

13. The French Property is traversed by electric transmission wires which are owned by Wheeling Power Company ("WPC") - a subsidiary of American Electric Power.

14. It is believed and therefore averred that the wires traversing the French Property were originally installed in the 1940's pursuant to an easement granted by Mr. and Mrs. French's predecessor in title to Wheeling Electric Company, a predecessor to WPC.

15. Upon information and belief, the easement attached hereto as Exhibit "C," entered into on August 29, 1946, granted WPC the right to construct and maintain its poles and other facilities across the French Property (the "1946 French Easement").

16. The 1946 French Easement further provided the grantee, Wheeling Electric Company (now WPC), the following rights:

> "a right of way and easement with the right, privilege, and authority to said party of the second part, <u>its successors, assigns, lessees, and tenants</u> to construct, erect, operate, and maintain a line of poles and wires for the purpose of transmitting electric or other power, <u>including telegraph or telephone wires</u>, in, on, along, over, through or across and also along any highway as now or hereafter laid out or widened…."

<u>See</u> Exhibit "C" (underline added).

17. Upon information and belief, WPC has continually maintained poles and wires on the French Property since the 1940's in accordance with the terms of the easement.

***<u>Mr. and Mrs. French Refuse to Allow Zito to Utilize the Wheeling Power Easement Across Their Property</u>***

18. In May 2009, Zito entered into a Pole Attachment License Agreement with WPC to permit Zito to attach its cables and related facilities to WPC's poles (the "PALA") in its service territory, which includes the French Property.

19. A true and correct copy of the PALA is attached hereto as Exhibit "D" and incorporated herein by reference.

20. In connection with its fiber optic upgrades and build-out in the County, Zito has sought to attach its wires and facilities to the WPC poles on the French Property and within the 1946 French Easement in accordance with the PALA.

21. WPC was fully aware of and in agreement with Zito's efforts to attach its cables and other facilities within the 1946 French Easement.

22. Mr. and Mrs. French have informed representatives of Zito that they will not permit Zito to access and utilize the existing utility easement crossing their property.

23. The route across the French Property for the Zito broadband build-out is a critical link which, if not utilized, will inhibit Zito's ability to provide enhanced service to existing customers.

24. It will further prevent Zito from adding new high speed data customers in Marshall County since Zito's present system is operating at capacity and cannot support any additional subscribers.

**COUNT I - CLAIM PURSUANT TO SECTION 621(a)(2) OF THE CABLE COMMUNICATIONS POLICY ACT OF 1984, 47 U.S.C. §541(a)(2)**

25. The averments of paragraphs 1 through 24 of this Complaint are incorporated herein by reference.

26. Section 621(a)(2) of the Cable Communications Policy Act of 1984, 47 U.S.C. §541(a)(2) ("Cable Act"), in the pertinent part, provides that any cable television franchise shall be construed to authorize the construction of a cable system over public rights-of-way, and through private easements that have been dedicated for compatible uses.

27. Specifically, 47 U.S.C. §541 states in pertinent part:

> **§ 541. General franchise requirements**
>
> (a) Authority to award franchises; public rights-of-way and easements; equal access to service; time for provision of service; assurances.
>
> > (1) A franchising authority may award, in accordance with the provisions of this title [47 USCS §§ 521 et seq.], 1 or more franchises within its jurisdiction; except that a franchising authority may not grant an exclusive franchise and may not unreasonably refuse to award an additional competitive franchise. Any applicant whose application for a second franchise has been denied by a final decision of the franchising authority may appeal such final decision

> pursuant to the provisions of section 635 [47 USCS § 555] for failure to comply with this subsection.
>
> (2) Any franchise shall be construed to authorize the construction of a cable system over public rights-of-way, and through easements, which is within the area to be served by the cable system and which have been dedicated for compatible uses, except that in using such easements the cable operator shall ensure--
>
> (A) that the safety, functioning, and appearance of the property and the convenience and safety of other persons not be adversely affected by the installation or construction of facilities necessary for a cable system;
>
> (B) that the cost of the installation, construction, operation, or removal of such facilities be borne by the cable operator or subscriber, or a combination of both; and
>
> (C) that the owner of the property be justly compensated by the cable operator for any damages caused by the installation, construction, operation, or removal of such facilities by the cable operator.

47 U.S.C. §541 (underline added).

28. Section 621(a)(2) of the Cable Act is construed to provide a cause of action to cable franchises to enforce its statutory easement rights. See, e.g., Centel Cable Television Co. v. Admiral's Cove Assocs., 835 F.2d 1359, 1364 (11th Cir. 1988); United Cable Television v. Louis J. Eyde Ltd. Family Partnership, 1989 U.S. Dist. LEXIS 18154, *14 (W.D. Mich. Nov. 20, 1989).

29. Zito is the grantee of a franchise to operate a cable system in Marshall County, West Virginia.

30. The 1946 French Easement across the French Property is in the area to be served by the Zito cable system.

31. The 1946 French Easement across the French Property has been dedicated for compatible uses. Specifically, it has been dedicated for both electric facilities and telephone and telegraph facilities.

32. The safety, functioning, and appearance of the French Property, and the convenience and safety of other persons, will not be adversely affected by the installation or construction of Zito wires and facilities necessary for its cable system.

33. The cost of the installation, construction, operation, and/or removal of such facilities will be borne by Zito.

34. Pursuant to the Cable Act, 47 U.S.C. §541(a)(2), Zito has a statutory right to attach its wires and facilities to the poles owned and placed by WPC in the 1946 French Easement.

WHEREFORE, Plaintiff, Zito NCTNWVPANOH, LLC, respectfully requests that this Honorable Court (1) declare that it has the right to attach and affix its wires and facilities to the utility poles placed by Wheeling Power Company on its right of way across the property owned Eugene R. French and Hilda G. French, situate in or about Moundsville, Marshall County, West Virginia, (2) that Eugene R. French and Hilda G. French shall not interfere or obstruct Zito from attaching or affixing its wires and facilities as aforesaid, and (3) that Eugene R. French and Hilda G. French shall not in any way disturb or disrupt the wires and facilities once attached and affixed by Zito.

**COUNT II - DECLARATORY JUDGMENT**

35. The averments of paragraphs 1 through 34 of this Complaint are incorporated herein by reference.

36. The West Virginia Cable Television Systems Act, W. Va. Code § 24D-1-1 et seq. provides a similar right for cable systems to utilize existing rights of way for the construction of its systems. It states:

> **§24D-1-9. Cable system installation, construction, operation, removal, general provisions**.
>
> (a) A cable franchise shall be construed to authorize the construction or operation of a cable system: (i) Over public rights-of-way; and (ii) through easements, which are within the area to be served by the cable system and which have been dedicated for compatible uses.

W. Va. Code §24D-1-9.

37. Under West Virginia law, an "easement dedicated for compatible uses" is defined as a "public or private easement for electric, gas, telephone or other utility transmission." W. Va. Code § 24D-1-9(i)(4).

38. The 1946 French Easement across the French Property granted to WPC is by definition an "easement dedicated for compatible use" under W. Va. Code § 24D-1-9(i)(4).

39. Pursuant to the West Virginia Cable Television Systems Act, W. Va. Code §24D-1-1 et seq., Zito has a statutory right to attach its wires and facilities to the poles owned and placed by WPC in the 1946 French Easement across the French Property.

40. In addition, under the express terms of the 1946 French Easement, Zito is permitted to utilize the easement to place and affix its wires to the WPC Poles pursuant to the PALA.

WHEREFORE, Plaintiff, Zito NCTNWVPANOH, LLC, respectfully requests that this Honorable Court (1) declare that it has the right to attach and affix its wires and facilities to the utility poles placed by Wheeling Power Company on its right of way across the property owned Eugene R. French and Hilda G. French, situate in or about Moundsville, Marshall County, West Virginia, (2) that Eugene R. French and Hilda G. French shall not interfere or obstruct Zito from attaching or affixing its wires and facilities as aforesaid, and (3) that Eugene R. French and Hilda G. French shall not in any way disturb or disrupt the wires and facilities once attached and affixed by Zito.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

By: s/Danielle L. Dietrich

Danielle L. Dietrich, Esquire
WVSB No. 10151
*ddietrich@tuckerlaw.com*

Christopher W. Cahillane, Esquire
(To seek admission Pro Hac Vice)
*ccahillane@tuckerlaw.com*

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212

Julie R. Shank, Esquire
*jshank@bowlesrice.com*
WVSB No. 10675
BOWLES RICE, LLP
1217 Chapline Street
Wheeling, WV 26003
(304) 230-1804

Counsel for Plaintiff